GLEN and his Wife *against* D. FISHER.

Where land is devised, charged with the payment of a legacy, and the devisee accepts of the devise, he is personally and absolutely liable for the legacy; and he has no right to require of the legatee, before payment, a security to refund, in case of a deficiency of assets, to pay debts, &c.

The devisee, in such case, is liable to pay *interest* on the legacy from the time it was payable, though payment was not demanded by the legatee.

Where a bill was filed against the devisee, to recover the legacy in such case, and the defendant, in his answer, said, that if the payment of it had been demanded, he would not have paid it, without previous security; and admitted, that there were personal assets sufficient to pay all the debts of the testator, the defendant was decreed to pay the *costs* of the suit.

Where the husband and wife sue for the wife's legacy, the Court will direct a suitable provision to be made out of it, for the maintenance of the wife and her children, before decreeing payment of the legacy to the husband.

THE bill stated, that *C.*, the wife of the plaintiff, *G.*, was a daughter of *Frederick Fisher*, deceased, who, by his will, dated *February* 23, 1808, bequeathed to his son, *Daniel F.*, the defendant, a farm of 240 acres, and 20 acres of woodland, and after the death or remarriage of his wife, he gave to the plaintiff, *C.*, a milch cow, and 1500 dollars, in money, one fourth thereof to be paid by each of his sons, *Daniel, Harman, John,* and *Jesse,* within three years after the death of his wife. The plaintiffs intermarried before the date of the will. The testator died *June* 9, 1809. His wife died *September* 9, 1815, a widow. The defendant entered into the possession of the farm devised to him, and which was stated to be of the value of four thousand dollars. The property so devised was not sold, nor required to be sold by the executors, to pay

*Feb. 4th.*

1822.

GLEN
v.
FISHER.

debts. The bill further stated, that the cow had not been delivered to the plaintiff, *C.*, nor had the defendant paid to the plaintiffs, the one fourth of the 1500 dollars, but the same remained due, with interest after three years. *Prayer,* for an account, and that the defendant may be decreed to pay to the plaintiffs the principal and interest due, with costs.

The *answer* of the defendant admitted the substance of the bill. He denied that the legacy had ever been demanded ; but said, that if a demand had been made, it would not have been complied with, without a bond had first been tendered to the executors. He stated, that he was the only surviving executor of the testator, and that the personal estate was sufficient to pay all the debts.

The cause was submitted on the bill and answer.

*Haring,* for the plaintiffs.

*Chamberlain,* for the defendant.

The points raised for the consideration of the Court, were, 1. Whether the plaintiffs were entitled to payment of the legacy, without first giving security to refund, in case of a deficiency of assets to pay debts ?

2. Whether the plaintiffs were entitled to *interest* on the proportion of the legacy, after the expiration of the three years from the death of the widow of the testator ?

3. Whether the plaintiffs were entitled to *costs ?*

THE CHANCELLOR. (1) The defendant has no right to require security to refund, before payment of the legacy, for he does not pay the legacy in a representative character. The devise was given to him on condition of paying such a legacy to the plaintiff, *Catharine ;* and if he accepts of the devise, he takes it *cum onere.* This is the case of a devise, creating a charge on *the person* of the devisee, in

case of his acceptance of the gift, according to the distinction noticed in the case of *Jackson* v. *Bull*, (10 *Johns. Rep.* 148.) He did accept of the devise, and he became thereby absolutely and personally bound to pay the legacy: He has no right to create any condition precedent to the payment, and the law makes none. He who accepts a benefit under a will, must conform to all its provisions, and renounce every right inconsistent with them. This is an obvious and settled principle in equity. He accepts of the devise under the condition of conforming to the will, and a Court of equity will compel him to perform the condition; for no man, says Ch. Baron *Eyre*, (*Blake* v. *Bunbury*, 1 *Vesey*, jr. 523.) shall be allowed to disappoint a will, under which he takes a benefit.

(2) The defendant is bound to pay interest from the time the legacy became payable. It was a charge upon the defendant in respect to the land devised to him; and as the land, of course, yields rents and profits, the payment of interest from the time the legacy was payable, is very just and reasonable; and the interest runs, though the legacy was not demanded when due.

(3) The plaintiffs are entitled to costs, for though no demand of the legacy is shown, the defendant says, in his answer, that if a demand had been made, it would not have been complied with. A suit was, therefore, necessary on the part of the plaintiffs, by the admission of the defendant, and he ought, in justice, to be made chargeable with the costs. The pretence, that security to refund was wanting, was mere pretext, for the testator has been dead upwards of twelve years, and there is an admission of personal assets sufficient to pay debts; and the presumption from the lapse of time is, that there are no debts existing against the heirs, or personal representatives of the testator.

But, as the husband and wife are here suing for the wife's legacy, the wife is entitled to a reasonable provision

1822.

GLEN
v.
FISHER.

out of the legacy, small as it may be, before the decree in favour of the husband is pronounced. The doctrine is to be found in the case of *Howard* v. *Moffatt*, (2 *Johns. Ch. Rep.* 206.) and there must be a reference to ascertain what would be a proper settlement in this case, unless some amicable arrangement takes place, or the wife, voluntarily, on examination, waives any provision.

Decree accordingly.