JACOB L. CLIFT, Appellant, *v.* MARY E. MOSES, Impleaded, etc.,
Respondent.

The will of P., after directing the payment of his debts, and after certain
specific bequests and legacies, by its terms gave the residuary estate, real
and personal, to his daughter M.; then followed a clause giving all of
his estate to his executors, in trust, for the payment of the debts and
legacies. P. died insolvent, seized of certain real estate, the rents and
profits of which M. received until the said real estate was sold under the
power in trust contained in the will. In an action brought by a creditor
of P. to compel M. to account for and pay over the rents and profits so
received by her, *held*, that the action was not maintainable; that no trust
was created by the will with respect to the real estate, but simply a power
in trust (1 R. S. 729, § 56), and the executors or trustees were not entitled
to receive the rents and profits; that the title passed to M. on the death
of the testator, subject to the execution of the power, and remained in
her until divested by such execution, and until then she was entitled to
the possession and lawfully received the rents and profits; that the will
did not charge the real estate with the payment of the debts; but that,
conceding there was such a charge, the debts only became a lien enforce-
able in equity; that there was no personal liability on the part of M.
to pay the debts, and in the absence of such liability there was no element
of trust by which she could be made liable to account.

Also, *held*, that there was no conversion of the real estate into personalty
until the execution of the power of sale.

Where lands are devised, charged with the payment of debts generally,
an acceptance of the devise does not create a personal liability to pay,
but simply creates a lien in favor of the creditors, enforceable against
the lands devised.

In order to justify a finding of an intent on the part of a testator to make
a charge upon his real estate, such intent must appear from express
direction, or be clearly gathered from the provisions of the will.

A power of sale to pay debts does not indicate an intention to charge the
debts upon the real estate.

The distinction between a power of sale to pay debts and one to pay legacies
pointed out.

*It seems*, under the provision of the Code of Civil Procedure (§ 1843),
making the heirs and devisees liable for the debts of a decedent to the
extent of the real estate descending or devised to them, that the liability
only extends to the real estate and does not attach to that which may be
made out of it by the skill, management or labor of the heir or devisee.

*Brown* v. *Knapp* (79 N. Y. 136); *Glen* v. *Fisher* (6 Johns. Ch. 33); *Gridley*
v. *Gridley* (24 N. Y. 130); *Fisher* v. *Banta* (66 id  468) distinguished.

Reported below, 44 Hun, 312.

(Argued June 17, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 30, 1887, which reversed a judgment in favor of the plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William G. Tracy* for appellant. The testator, by his will, charged all his real estate, together with the personal, with the payment of his debts and legacies, and devised them to Mary E. Moses, subject to such charge. (*Hoyt* v. *Hoyt*, 85 N. Y. 142; *Taylor* v. *Dodd*, 58 id. 335; *Kalbfleisch* v. *Kalbfleisch*, 67 id. 354; *Le Fevre* v. *Toole*, 84 id. 95; *In re City of Rochester*, 110 id. 159; 1 R. S. 734, 735, §§ 96, 107; *McCorn* v. *McCorn*, 100 N. Y. 511; *Shulters* v. *Johnson*, 38 Barb. 80; *Ragan* v. *Allen*, 7 Hun, 537; *Stoddard* v. *Johnson*, 13 id. 606; *R. C. Church* v. *Wachter*, 42 Barb. 43; *Brown* v. *Knapp*, 79 N. Y. 136; *Dormay* v. *Borrodaile*, 10 Beav. 263; *Harris* v. *Fry*, 7 Paige, 421; *Salisbury* v. *Morss*, 7 Lans. 359; *Towner* v. *Tooley*, 38 Barb. 598; *Scott* v. *Stebbins*, 91 N. Y. 605.) Where lands are devised charged with the payment of debts, the creditors have a lien upon the rents and profits of the land as well as upon the land itself, and may require the devisee to account therefor. (*Hallett* v. *Hallett*, 2 Paige, 15; *Rogers* v. *Ross*, 4 Johns. Ch. 388; *Wilson* v. *Wilson*, 13 Barb. 252; *Clason* v. *Lawrence*, 3 Edw. Ch. 48; *In re Fessenden*, 77 Me. 99.) Where lands are charged with the payment of debts and the residue only devised, the residuary devisee, by the acceptance of the devise, becomes personally liable to pay the debts to the extent of the property received under the will. (*Colgan* v. *Dunne*, 50 Hun, 443; *Stoddard* v. *Johnson*, 13 id. 606; *Larkin* v. *Mann*, 53 Barb. 267; *Johnson* v. *Cornwall*, 26 Hun, 449; 91 N. Y. 660; *Gridley* v. *Gridley*, 24 id. 131; *Dodge* v. *Manning*, 1 Com. 301; *Glen* v. *Fisher*, 6 Johns. Ch. 33; *Smith* v.

*Wyckoff*, 11 Paige, 49; *Elwood* v. *Diefendorf*, 5 Barb. 398; *Scott* v. *Stebbins*, 91 N. Y. 605.) By the will of the testator his real estate was converted into personalty for a specific purpose, to wit, the payment of his debts and the legacies bequeathed by him. (1 Story's Eq. Jur. § 552; *Freemoult* v. *Dedire*, 1 P.Wms. 429; *Newton* v. *Bennet*, 1 Bro. Ch. 135; *Silk* v. *Prime*, 1 id. 138; *Bailey* v. *Elkins*, 7 Ves. 319; *Shephard* v. *Lutwidge*, 8 id. 326; *Robinson* v. *Lowater*, 5 De G., M. & G. 271; 21 Beav. 377; 37 id. 553; 2 Sugden on Powers, 29; Dalzell on Equity, 48; Toller on Executors, 414, 415; *Bogert* v. *Hertell*, 4 Hill, 492.) The real estate was converted into personalty as of the date of the testator's death. (3 Kent's Com. 230; *Fisher* v. *Banta*, 66 N. Y. 468; 1 R. S. 734, § 96; *Lent* v. *Howard*, 89 N. Y. 169; 2 Story's Eq. Jur. § 212; *Smith* v. *Claxton*, 4 Mad. Ch. 484; *Ward* v. *Arch*, 15 Sim. 389; *Moncrieff* v. *Ross*, 50 N. Y. 431.) Lands of a decedent directed by will to be sold for the payment of his debts still remain equitable assets, notwithstanding the statute making them liable for his debts in any event. (1 Story's Eq. Jur. 552a; *Charlton* v. *Wright*, 12 Sim. 274; *Atty.-Gen.* v. *Brunning*, 6 Jur. [N. S.] 1085; *Grider* v. *Payne*, 9 Dana, 188; Code Civ. Pro. § 2749.) Where by the will the real estate of the decedent is made equitable assets, or equitably converted into personalty as of the time of his decease, the rents accruing thereafter and before sale of the land are to be distributed the same as the proceeds arising from such sale. (Ram on Assets, 83; *Silk* v. *Prince*, 1 Brown Ch. 138; *Barker* v. *Boucher*, 1 id. 140; *Lent* v. *Howard*, 89 N. Y. 169; *Moncrieff* v. *Ross*, 50 id. 431; *Clay* v. *Willis*, 1 B. & C. 365; *Barker* v. *May*, 9 id. 489; 1 R. S. 729, § 56; *Rogers* v. *Ross*, 4 Johns. Ch. 388.) Upon the death of a person who is insolvent, his heirs and devisees become liable to pay over rents, collected after his death, to the creditors of the estate. (2 R. S. 452, 454, §§ 32, 49; Code Civ. Pro. §§ 1843, 1854.) All of the facts required to sustain an action against the devisee under the statute were alleged in the complaint, proved upon the trial and found by the trial court. (Code Civ. Pro. §§ 1848, 1849,

1851, 3347, subd. 11; *Wood* v. *Wood*, 26 Barb. 356; *Roosevelt* v. *Carpenter*, 28 id. 426; *Schererahm* v. *Barhydt*, 9 Paige, 28; *Blosom* v. *Hatfield*, 24 Hun, 275; *Meade* v. *Jenkins*, 27 id. 570.) None of the provisions of the Code of Civil Procedure constitute a bar to the judgment recovered herein. (*Dill* v. *Wisner*, 88 N. Y. 153; Code Civ. Pro. §§ 1843, 2749; *Schemerhorn* v. *Barhydt*, 9 Paige, 28.) There is nothing in the record to show that the right of the plaintiff to recover these rents under the statute was not raised upon the trial or at General Term. (*Hazewell* v. *Coursen*, 81 N. Y. 630; *Marvin* v. *N. L. Ins. Co.*, 85 id. 278; *Arnot* v. *E. R. Co.*, 67 id. 315; *Kane* v. *Cortesy*, 100 id. 132; *Allard* v. *Greasert*, 61 id. 1; *Scott* v. *Pilkington*, 15 Abb. Pr. 280; *Christensen* v. *Colby*, 43 Hun, 362.) The agreement between the plaintiff and DeWitt, as administrator, etc., of Pardee, is not a bar to this action. (*Billinger* v. *Bentley*, 1 Hun, 562.) The doctrine of equitable conversion or equitable assets is applicable to this case. (*Bogert* v. *Hertell*, 4 Hill, 492; *In re Fox*, 52 N. Y. 530; *Dill* v. *Wisner*, 88 id. 153; *In re City of Rochester*, 110 id. 159; *Dodge* v. *Pond*, 23 id. 69; *Power* v. *Cassidy*, 79 id. 602; *Lent* v. *Howard*, 89 id. 169; *Smith* v. *Claxton*, 4 Mad. Ch. 484; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Scholle* v. *Scholle*, 21 N. E. Rep. 184; 1 R. S. 734, § 96.) The provisions of the Revised Statutes relating to powers indicate that the lands are charged with the payment of debts under this will. (1 R. S. 734, 735, §§ 93, 107.) Particular reliance is placed upon the personal liability of the devisee, to the extent of the rents and profits received arising from her acceptance of the devise. (*Elwood* v. *Diefendorf*, 5 Barb. 398.)

*Louis Marshall* for respondents. No trust was created by the will with respect to the testator's real estate, and no title, therefore, to such real estate was vested in his executors or their successors as would entitle them to receive the rents and profits of such real estate. The will merely created a power in trust in the executors to sell the real estate for the purposes

specified. (1 R. S. 729, § 56; *De Peyster* v. *Glendiming,.* 8 Paige, 294; *Germond* v. *Jones,* 2 Hill, 569; *Crittenden* v. *Fairchild,* 41 N. Y. 289; *Manice* v. *Manice,* 42 id. 303, 364;. *Vernon* v. *Vernon,* 53 id. 351; *Blanchard* v. *Blanchard,.* 6 T. & C. 451; *Livingston* v. *Murray,* 39 How. Pr. 106.) Until the power in trust created by the will was exercised and the real estate sold, the defendant was entitled to the rents. and profits. · (*Hildman* v. *Stevens,* 16 N. Y. 278; *McKinstry* v. *Sanders,* 2 T. & C. 181; 58 N.Y. 662; *Embury* v. *Sheldon,.* 68 id. 227; *Manice* v. *Manice,* 43 id. 368; *Campbell* v. *John- ston,* 1 Sandf. Ch. 148; *Boynton* v. *P. & S. R. R. Co.,* 4 Cush. 467; *Towle* v. *Swasee,* 106 Mass. 100; *Kimball* v. *Sumner,.* 62 Me. 305; *Fessenden* v. *Judge of Court of Probate,* 1 N. C. 166; 73 Me. 99; *McCoy* v. *Scott,* 2 Rawle, 222;. *Palmer* v. *Palmer,* 13 Gray, 328; *Lobdell* v. *Hayes,* 12 id.. 236; *Newcomb* v. *Stebbins,* 9 Metc. 540; *Rogers* v. *Ross,.* 4 Johns. Ch. 388.) The plaintiff never having demanded of the administrators, with the will annexed, that they should commence an action against the defendant for the recovery of the rents in question, has no standing in court. (*Greaves* v.. *Gouge,* 69 N. Y. 156; *Brinkerhoff* v. *Bostwick,* 88 id. 59;. *Hawes* v. *Oakland,* 104 U. S. 450.) The will does not. charge the payment of his debts upon the real estate. (*Lup- ton* v. *Lupton,* 2 Johns. Ch. 614; *Myers* v. *Eddy,* 47 Barb.. 263; *Babcock* v. *Stoddard,* 2 T. & C. 207; 3 Pomeroy Eq.. Jur. § 1247; *Dill* v. *Wisner,* 88 N. Y. 158; *Hoyt* v. *Hoyt,* 85 id. 146; 2 Jarman on Wills, 584, 595, 598, 599; *Brydges* v. *Landon,* 3 Russ. 346; *Keeling* v. *Brown,* 5 Ves. 359; *Willan* v. *Lancaster,* 3 Russ. 108; *Warren* v. *Davis,* 2 M. & K. 40; *Reynolds* v. *Reynolds,* 16 N. Y. 260; *Wasse* v. *Heslington,* 3 M. & K. 495; *Brown* v. *Knapp,* 79 N. Y. 136; *Scott* v. *Stebbins,* 91 id. 612; *Newcomb* v. *Stebbins,* 9 Metc. 540; *In re City of Rochester,* 110 N. Y. 139; *Brill* v. *Wright,* 112 id. 129; *Schnorr* v. *Schroeder,* 45 Hun, 148; *Smith* v. *Soper,* 22 id. 46.) The defendant did not become personally liable for debts even by the acceptance of the devise. (3 Pomeroy's Eq. Jur. §§ 1244, 1246; *Mesick* v.

*New*, 7 N. Y. 163; *Olmstead* v. *Olmstead*, 4 id. 56.) There being no personal charge upon Mrs. Moses with respect to the payment of the debts and legacies, the rents and profits of the real estate collected by her prior to the sale by the executor cannot be taken from her. (*Newcomb* v. *Stebbins*, 9 Metc. 540; *Hollenbeck* v. *Donnell*, 94 N. Y. 347; 44 Hun, 316, 317; Code Civ. Pro. § 1843; *Cronkite* v. *Cronkite*, 1 T. & C. 266; *Wheeler* v. *Lester*, 1 Bradf. 273, 293; Pomeroy's Eq. Jur. § 1246; 2 Redf. on Wills [3d ed.] 304; *Belmont* v. *Coman*, 22 N. Y. 438; *Binsee* v. *Paige*, 1 Abb. Ct. App. Dec. 138; 1 Keyes, 87; *Hamilton* v. *Austin*, 36 Hun, 143; Jones on Mortgages, §§ 670, 1120, 1659; *Herkimer* v. *Rice*, 27 N. Y. 167, 168.) The doctrine of equitable conversion is not applicable to the will in question. (*Dunning* v. *O. Nat. Bank*, 61 N. Y. 497; *Polley* v. *Seymour*, 2 Y. & C. 721; *Hoey* v. *Kinney*, 10 Abb. Pr. 400; *Griswold* v. *Frink*, 22 Ohio St. 79; *Senney* v. *Preston*, 13 Simons, 356; *Cook* v. *Dealey*, 22 Beav. 196; *Cox* v. *McBurney*, 2 Sandf. 561; *Sweezey* v. *Thayer*, 1 Duer, 286; *Moses* v. *Murgatroyd*, 1 Johns. Ch. 130; *Walker* v. *Bradbury*, 15 Me. 207; *Bourne* v. *Bourne*, 2 Hare, 135; *Roosevelt's Appeal*, 42 Pa. St. 414; 3 Pomeroy's Eq. Jur. 127, 128, 129; *White* v. *Howard*, 46 N. Y. 162; *Hobson*, v. *Hale*, 95 id. 588; *Chamberlain* v. *Taylor*, 105 id. 185; *Scholle* v. *Scholle*, 21 N. E. Rep. 84; *In re City of Rochester*, 110 N. Y. 167; *Cook* v. *Cook*, 23 N. J. Eq. 375; *Romaine* v. *Hendrickson*, 24 id. 231; *Lent* v. *Howard*, 89 N. Y. 169; *Fisher* v. *Banta*, 66 id. 468; *Stagg* v. *Jackson*, 1 Comst. 206; *Dodge* v. *Pond*, 28 Barb. 121; 23 N. Y. 69.) This action is not brought under section 1843 and the succeeding sections of the Code of Civil Procedure. (*Dodge* v. *Stevens*, 94 N. Y. 209, 216; *Selover* v. *Coe*, 63 id. 438, 439; *Herkimer* v. *Rice*, 27 id. 163; 2 R. S. 456, § 47; Code Civ. Pro. §§ 1845, 1851, 1852, 1853, 1854, 1856, 1859, 2749; *Hayward* v. *McDonald*, 7 N. Y. C. P. 100; *Platt* v. *Platt*, 105 N. Y. 497, 498; *Gray* v. *Rothschild*, 112 id. 668; *Briggs* v. *Boyd*, 56 id. 289; *Post* v. *Campbell*, 83 id. 279, 285; *Newlin* v. *Lyon*,

49 id. 661; *Hemingway* v. *Poucher*, 98 id. 287: *Moores* v. *Townshend*, 102 id. 302; *Bruen* v. *Gillett*, Ct. App., June 4, 1889; *Fowler* v. *B. S. Bank*, 21 N. E. Rep. 172.) The latest suggestions of the appellant on equitable conversion are untenable. (*In re Fox*, 52 N. Y. 537; 2 Jar. 526; Story's Eq. §§ 790, 1224; *Bourne* v. *Bourne*, 2 Hare, 35; *Stagg* v. *Jackson*, 1 Comst. 206; *Harris* v. *Clark*, 7 N. Y. 242; *Savage* v. *Burnham*, 17 id. 561; *Clark* v. *Riddle*, 11 S. & R. 311.

HAIGHT, J. This action was brought by the plaintiff as a creditor of the estate of Charles Pardee, deceased, to compel the defendant, Mary E. Moses, as residuary devisee under the will of the deceased, to account for the rents and profits received by her from the real estate devised to her. Charles Pardee died on the 9th day of April, 1878, leaving a last will and testament, which was duly proved and admitted to probate on the 17th day of July, 1878. The provisions of the will, aside from the formal parts, are as follows:

"I do order and direct my executor, hereinafter named, to pay all my just debts and funeral expenses as soon after my decease as can conveniently be done. I give and bequeath unto my adopted daughter, Mary E. Moses, wife of Lucien Moses, the household furniture and whatever may be in the house and used as housekeeping articles. I give and bequeath unto Amos R. Pardee my gold watch. I give and bequeath to Eliza Bronson, widow of Henry R. Bronson, deceased, one hundred dollars; to Mrs. Sarah Greenman, one hundred dollars; to Mrs. Triphina Austin, if living at my decease, one hundred dollars. I do give unto my daughter, Mary E. Moses, the rest and residue of my estate, real and personal, making her residuary legatee of this, my last will and testament. I do hereby nominate and appoint Benoni Lee and Mary E. Moses my executor and executrix of this my last will and testament, revoking all former wills by me made. I give and devise to my executor and executrix all my real and personal property of every kind, in trust, for the purpose

of paying my debts and legacies named in this, my last will, giving them power to sell, mortgage or convey any and all real estate for the purposes above named."

Benoni Lee and Mary E. Moses, having renounced as executor and executrix and trustee under the will, Jacob C. De Witt was appointed administrator with the will annexed, and trustee, to execute the trust and power in trust therein contained. He having died, the defendant Sidney Smith was duly appointed such administrator and trustee. The value of the personal property left by the deceased, over and above the expenses of administration, amounted to the sum of $3,893.60, and the value of his real estate, over and above the necessary expenses of selling the same, amounted to the sum of $26,077.91. The debts owing by Pardee at the time of his decease amounted to the sum of $171,751.15. The amount of the plaintiff's claim, as settled by the judgment recovered against the estate, is the sum of $62,070.89. One Daniel Wallace was also a creditor to the amount of $3,742.35, which has been assigned and transferred to the plaintiff. The greater part of the estate of the deceased consisted of an undivided third part of certain real estate in Buffalo, N. Y., known as the Mansion House property, from which the defendant, Mary E. Moses, collected one-third of the rents and profits after the decease, until the same was sold, by the trustee, for the purpose of paying the debts, and the amount so collected by her amounted to the sum of $7,221.92. On or about July 1, 1881, the property was sold by Smith, as trustee, by virtue of the power in trust contained in the will, for the purpose of paying the debts of the deceased. Previous to the commencement of this action, the plaintiff requested Smith, as administrator and trustee, to commence an action against Mrs. Moses to compel her to pay over the rents and profits collected by her, and Smith neglected or refused to commence the same.

The statute provides that "a devise of lands to executors or other trustees to be sold or mortgaged, where the trustees are not also empowered to receive the rents and profits, shall vest no estate in the trustees; but the trust shall be valid as a

power, and the lands shall descend to the heirs, or pass to the devisees of the testator, subject to the execution of the power." (1 R. S., 729, § 56.)

Under this statute it was found by the trial court, as a conclusion of law, and appears to be conceded, that no trust was created by the will of Pardee with respect to his real estate, and, therefore, no such title thereto was vested in his executors or trustees as would entitle them to receive the rents and profits of the real estate; that the will created a valid power in trust in the executors and trustee to sell the real estate for the purpose of paying the debts; that the real estate passed to Mrs. Moses, the devisee, at the death of Pardee, subject to the execution of the power in trust, and the title immediately became vested and remained in her until divested by the execution of the power of sale; that from the time she accepted the devise until the execution of the power in trust no one but her was entitled to the possession of the premises or could lawfully receive the rents and profits therefrom.

There does not appear to be any question but that an heir-at-law or a devisee under a will, where there is no charge upon the real estate, or where the real estate is not converted into personalty, is entitled, as against the personal representatives or creditors of the deceased, to receive and retain as his own the rents and profits arising from the realty, until the same is sold for the purpose of paying the debts. (*Wilson* v. *Wilson*, 13 Barb. 252; Schouler's Executors and Administrators, § 216; 2 Williams on Executors, 893; see note and authorities there cited.)

It is contended, however, that the testator, by his will, charged his real estate, together with the personal, with the payment of his debts and legacies, and that he devised them to Mrs. Moses subject to such charge; and that where lands are so devised the creditors have a lien upon the rents and profits of the land, as well as upon the land itself, and may require the devisee to account therefor.

In considering this question, for the purpose of the argument, we will first assume that there is a charge of the debts

upon the real estate. It then becomes important to determine the nature of the charge. The trial court has found " that by the acceptance of said devise and the collection of the rents of the devised property the defendant, Mary E. Moses, became liable to pay the creditors of said Pardee, severally and respectively, all the debts of said Pardee that the personal property of said Pardee should prove insufficient to pay." As we have seen, the debts of Pardee amounted to the sum of $171,715.15; that the personal property amounted to the sum of $3,893.60, and the real estate to $26,077.91, leaving a deficiency of upwards of $141,000, for which sum she would be liable under this finding. If this conclusion is to be sustained, it will become necessary for devisees, in the future, to act with great caution in reference to the accepting of devises of real estate. They will not only require the advice of a skilled lawyer upon the subject, but will have to wait until the time is up within which creditors can prove their claims, before they can know the amount of their liability or safely accept or enter into the possession of devised property. The authority upon which this conclusion was reached is doubtless that of *Brown* v. *Knapp* (79 N. Y. 136–143). That case, however, had reference to a legacy which was *directed* to be paid by the person to whom the real estate was devised, and it was there held that by the acceptance of the devise the devisee became personally bound to pay the legacy. In that case the amount of the legacy was specified in the will, and the devisee, in accepting, knew the precise sum that he became liable to pay. The same rule may prevail in reference to some particular debt in which the amount is known and specified; but no such rule can prevail in reference to the general debts of the testator where their amount is unknown. The trial court evidently did not adhere to this conclusion, for, in awarding judgment, it allowed only for the rents received by Mrs. Moses and the interest accrued thereon There are cases in which a charge is made upon the real estate devised in such form as to make a devisee personally respon-

sible for the payment of the charge in case he accepts the devise, as, for instance, where the devise is upon condition that the devisee pay the legacy or some specified sum. (*Glen* v. *Fisher*, 6 Johns. Ch. 33; *Gridley* v. *Gridley*, 24 N. Y. 130.) But where land is devised, charged with the payment of debts generally, an acceptance of the devise does not create a personal liability to pay, but, instead thereof, a lien is created in favor of the creditors who can enforce it as against the land devised. (3 Pomeroy's Eq. Jur. § 1244.)

In the will under consideration there is no provision devising the real estate to Mrs. Moses upon condition that she pay the debts, nor is there any provision of a similar import. It is true, she was appointed executrix, in connection with another person, by the provisions of the will, and as such they were ordered and directed to pay the debts and funeral expenses as soon after the testator's decease as could conveniently be done. The chief import of this direction pertains to time, and, as we have already seen, it cannot be construed as making her personally liable upon accepting the devise. The most that can, with any propriety, be claimed, is that the debts were made a charge upon the real estate so as to become a lien which could be enforced in equity. Being a lien, equity would enforce it upon the same principles that it enforces other liens. In case it should be made to appear that the estate was insolvent, and that the real estate was insufficient to pay the debts, the court might appoint a receiver to take charge of the real estate and collect the rents, issues and profits. But we are aware of no case in which equity, in the enforcement of liens against real estate, has required rents, issues or profits previously received or collected, to be accounted for and paid over to apply upon the lien, unless it may be under circumstances in which a trust has been created or implied. The management of real estate so as to obtain rents, issues or profits, requires time, labor and judgment, and may involve contracts in which liabilities are incurred. The creditors of Pardee have no equitable claim upon the time, services, skill or management of Mrs. Moses, neither have they

any right to the benefit of her contracts. Had they desired the rents and profits of the real estate, they should have taken upon themselves, through a receiver, the expenses of the management and the collection of the proceeds thereof. In the absence of a personal liability of Mrs. Moses to pay all the debts of the testator, the existence of which liability we do not believe to be seriously claimed, there is no element of trust by which she can be made liable to account as a trustee.

We are, however, of the opinion that there is no charge upon the real estate of the debts of the testator beyond that provided for by the statute. In construing the will the intention of the testator must control, and, in order to justify the finding that there was an intent to make a charge upon the real estate, such intent must appear from express direction or be clearly gathered from the provisions of the will. (*Taylor* v. *Dodd*, 58 N. Y. 335–344; *Hoyt* v. *Hoyt*, 85 id. 142–146.) Under the statute, the real estate becomes liable for the payment of the debts, and it may be sold by the surrogate for that purpose if the personal estate is insufficient. With legacies it is different. They are payable out of the personal estate, and the real estate cannot be made liable for their payment unless they are charged thereon by the provisions of the will. Debts and legacies stand upon a different basis, and, consequently, words that would indicate an intention to charge one upon the real estate might not convey any such intention as to the other. As, for instance, the giving of a power of sale of the real estate to pay legacies would indicate an intention that the legacies be paid out of the real estate. But it does not follow that a power of sale to pay debts indicates an intention to charge the debts upon the real estate, for the real estate being liable after the personal property is exhausted, the power of sale may have been incorporated in the will for the purpose of avoiding long and expensive proceedings in the Surrogate's Court to sell the real estate for the payment of the debts. So, in construing this will, the direction to pay the debts and funeral expenses " as soon as can

·conveniently be done," is but a usual formula, and standing alone indicates no intention to make any charge upon the real estate. (*In re City of Rochester*, 110 N. Y. 159.)

The clause giving to the executors the real and personal property in trust for the purpose of paying debts and legacies, together with a power to sell, mortgage or convey for that purpose, may indicate an intention to charge the legacies upon the real estate. But such intent does not necessarily follow as to the debts, for, as we have seen, this power of sale may have been inserted for the sole purpose of enabling the executors to dispose of the real estate, if necessary, without resorting to the long and expensive proceedings provided for by the statute. In determining the purpose it becomes important to consider the circumstances of the testator and the relation of the parties. Mrs. Moses was an adopted daughter; he gave her the household furniture; to another person he gave his gold watch, and aside from that he gave to three women a legacy of $100 each. His estate was largely insolvent at the time of his death, but whether it was so known to be by him at the time of making the will does not appear. He must have understood, however, that his personal estate was insufficient to pay his debts and the legacies bequeathed. The devise to the executors in trust embraced the personal as well as the real estate, thus indicating that there was no intention on the part of the testator to relieve the personal property from being used in the payment of the debts. It would rather indicate an intent that the personal property should be used for such purpose. We are, therefore, unable to discover any motive or object in making the debts a charge upon the real estate beyond that which is provided by the statute; and we are inclined to the view that the purpose of the power of sale was to enable his executors to sell at private or public sale to close up and settle the estate as speedily after his decease " as can conveniently be done."

Again, it is contended that the real estate was converted into personalty as of the date of the testator's death, and this appears to have been the opinion of the trial court. That

court, however, found that the real estate passed to Mrs. Moses, the devisee named in the will, at the death of Pardee, subject to the execution of the power in trust, and that the title to the real estate became vested and remained in her until divested by the execution of the power of sale; and that from the time she accepted the devise until the execution of the power no one but she was entitled to the possession of the devised premises, or could lawfully receive the rents and profits therefrom. This being true, we hardly see how there could be a conversion of the real estate as of the date of the death, for, in that case, the real estate became personal property, and the executor, not the devisee, was entitled to its possession and to recover the rents and profits. Conversion arises only from an express, clear and imperative direction, or from a necessary implication of such express direction. (6 American and English Encyclopedia of Law, 665, 3 Pomeroy's Eq. Jur. § 1159.)

The question of conversion is one of intention, and the question is, did the testator intend to have his real estate converted into personalty immediately upon his death? If he did, a court must give such intent effect, and treat the realty as personal property from that time. If, however, he intended to give the executor or trustee under his will a power to convert, leaving it discretionary with them to convert or not, the conversion will depend on the will or discretion of the executor or trustee, and will not be regarded as consummated in law until it is consummated in fact. (*King* v. *King*, 13 R. I. 501, 507, and authorities there cited.)

In the *Matter of the Will of Fox* (52 N. Y. 530–537), ANDREWS, J., in delivering the opinion of the court, says: "The statute in this state has provided an ample remedy for creditors for the collection of their debts out of the real property of a decedent, and the implication of a power of sale in executors, from a simple charge of the debts upon the land, is unnecessary, and ought not to be indulged. But the mere power of sale, if it existed in the executors, would not work a constructive change of the property. To do this,

the duty to sell must be imperative, and, when there is no out and out conversion, the lands are charged only with the payment of the debts. They retain their character of realty until actually converted."

In the case of *Fisher* v. *Banta* (66 N. Y., 468), the will directed the executor to divide the real estate equally between two sons. A codicil *directed* his executor to sell his real estate. It was held that the direction to sell operated as a conversion of the real estate into personalty, upon the death of the testator, and that the land became money, for the purposes of the administration. But in that case it will be observed that no discretion was left with the executor, but he was commanded to sell. This we do not regard as in conflict with the authorities referred to. (See, also, *Lent* v. *Howard*, 89 N. Y. 169.)

In the will under consideration, a power to sell, mortgage or convey any or all of the real estate is given. It is not directed or commanded to be done. It is left entirely discretionary with the executor or trustee whether the sale shall be made or not, and as to whether the whole or a portion only shall be sold. It follows that there was no conversion until the executor exercised the power and consummated the sale. (*Henderson* v. *Henderson*, 21 N. Y. State Rep. 800, 805 ; *Parker* v. *Linden*, 22 id. 614 ; *Chamberlain* v. *Taylor*, 105 N. Y. 185.)

It is further contended that this action may be maintained under section 1843 of the Code of Civil Procedure. That section provides that "the heirs of an intestate and the heirs and devisees of a testator are, respectively, liable for the debts of the decedent, arising by simple contract or by specialty, to the extent of the estate, interest and right in the real property, which descended to them from, or was effectually devised to them by, the decedent." This provision is, substantially, a re-enactment of the Revised Statutes. (2 R. S. 452, § 32.) The liability under this provision extends only to the real property acquired by descent or devise at the time of the decease, and we do not understand it to reach that which

may be made out of it by the skill, management or labor of the heir or devisee. But we do not understand this action to have been brought under the provisions of that section, or that the plaintiff is now in position to avail himself of it. The sections which follow provide the cases in which the action may be maintained, and section 1851 provides that the complaint must describe, with common certainty, the real property descended or devised to the defendant, and must specify its value. No such allegations appear in the complaint in this action, and the question does not appear to have been raised or considered by either the trial court or General Term.

We are, consequently, of the opinion that the order of the General Term should be affirmed, and that judgment absolute should be ordered for the respondent, with costs, upon the stipulation.

All concur, except Follett, Ch. J., and Vann, J., not sitting.

Order affirmed and judgment accordingly.