## In re O'BRIEN.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. WILLS—DEBTS—CHARGE ON REALTY.
   Under a will devising all the property, after the payment of all his debts, to testator's wife as long as she should remain his widow, and further providing that on her remarriage the property should go to testator's children, the debts of the estate were not made a charge on the realty on the insufficiency of the personalty to pay the same.

2. EXECUTRIX—PAYMENT OF DEBTS—RECOVERY FROM ESTATE.
   Where an executrix, who was also the widow of testator, and to whom all his property had been devised for her own use, and ultimately for that of her children, paid the debts and funeral expenses of testator, she had the right to enforce a lien for such debts against the realty of testator where the personalty was insufficient to pay the same, though she failed to procure the assignment of such debts to her.

3. SAME—SUBROGATION.
   Where an executrix pays the debts and funeral expenses of testator, the personalty being insufficient for that purpose, she is entitled to be subrogated to the rights of the original creditors, though she took no assignment of their claims.

Appeal from surrogate's court, Wayne county.

In the matter of the application of Elizabeth S. O'Brien, executrix of Edward J. Dwyer, deceased, for the disposition of the real property of the decedent for the payment of his debts and funeral expenses. From a decree adjudging that said executrix has a valid lien against the estate of the decedent, and directing sale of the estate for the payment thereof, one of the heirs appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

C. P. Williams, for appellant.

Thad. Collins, Jr., for respondent.

McLENNAN, J. This proceeding was commenced by the presentation of the petition of Elizabeth S. O'Brien, upon proper notice, to the surrogate of Wayne county, which petition was dated on the 10th day of June, 1898, for the purpose of procuring the sale of the real estate of which the deceased, Edward J. Dwyer, died seised, pursuant to sections 2749 and 2750 of the Code of Civil Procedure, for the payment of the debts and funeral expenses of the decedent. The petition, which was duly verified, stated that Edward J. Dwyer died on the 11th day of June, 1895, leaving a last will and testament, which was duly admitted to probate by the surrogate's court of Wayne county on the 5th day of August, 1895; that the petitioner, in and by said will, was named as sole executrix; that she duly qualified and entered upon the discharge of the duty of said office; that the personal estate of the deceased was insufficient for the payment of his debts and funeral expenses, and that the deceased at the time of his death was seised of the real estate described in the petition; that the petitioner, in the administration of the estate, paid with money of her own valid debts against the estate, and the funeral expenses of the deceased, which in the aggregate amounted to the sum of $1,361.11; that she received and collected of the personal property of the deceased the sum of $330.10, and that sum represented its full value,—leaving a balance due and owing to her, as stated in the petition, of the sum of $1,293.01. The petition asked that the real estate of the decedent be sold for the purpose of paying such indebtedness, that amount being the total indebtedness against the estate.

Upon the trial of the proceeding it was not disputed that the executrix had paid the debts as stated in the petition, and no question was raised as to the genuineness of the debts so paid by her, or that they were not all valid claims against the estate of the decedent; nor was it disputed that the executrix paid the funeral expenses as alleged by her, and no question was made that the funeral expenses so paid were not reasonable and proper; nor was any question made that she had not collected and accounted for the full amount of the personal property of the testator. The surrogate's court found that the facts stated in the petition were true, and directed a sale of the real estate of the testator, for the purpose of paying the sums so paid and advanced by the petitioner.

But two questions are presented by this appeal: (1) Were the debts of the decedent, by the terms of the will, made a charge upon the real estate of which he died seised, under all the circumstances

of this case? If they were, concededly the surrogate's court did not have jurisdiction in this proceeding to decree the sale of such real estate for the purpose of paying such debts. (2) If the debts were not made a charge upon the real estate, could the surrogate provide for their payment by the sale of the real estate in favor of the petitioner, the same as if she had been a creditor of the decedent at the time of his death, to the amount of such indebtedness?

The will of the testator provided:

"Know all men that I, Edward J. Dwyer, of Lyons, Wayne county, N. Y., being of sound mind and memory, do hereby make and declare this my last will and testament; that is to say: That I do hereby will, devise, give, and bequeath, after the payment of my just debts and funeral expenses, the use of my property, both real and personal, to my wife, Elizabeth A. Dwyer, to have the use of the same so long as she shall remain my widow; but upon her remarriage said property and the use thereof shall go to my children absolutely, share and share alike, namely, Cornelius, Mary, and Edward, to whom, in the event of my said wife's remarriage. I hereby will, devise, and bequeath my said property. And I revoke all other wills by me made, and I hereby appoint my said wife my executrix of this my last will."

As before stated, it appeared upon the trial of this proceeding, and was so stated in the petition, that at the time of the testator's death he was indebted in the sum of $1,361.11, and that the personal property which he owned at the time of his death did not exceed in value the sum of $330.10, and that, if the necessary funeral expenses be added to the debts due and owing by the testator, after applying the entire personal property to the payment of such debts and expenses, there would remain a balance of $1,293.01. The appellant urges that the language of the will, when considered in connection with those circumstances, makes the debts and funeral expenses of the testator a charge upon the real estate.

It seems to me that the case of In re City of Rochester, 110 N. Y. 159, 17 N. E. 740, is decisive of this question. In that case the will was in the following words, namely:

"First. After all my lawful and just debts are paid and discharged, I give and bequeath unto my wife," etc.

Proceedings were commenced, under sections 2749 and 2750 of the Code of Civil Procedure, before the surrogate, to procure the sale of the decedent's real estate for the payment of his debts. It appeared that the testator owed at the time of his death debts amounting to about $25,000, and at the time the petition in that case was presented $23,000 of such amount was unpaid. The court held in that case that the debts were not made a charge upon the real estate by the terms of the will, even when considered in connection with the condition of the testator's estate, and the court said:

"Courts should be slow to construe an intention to charge the payment of debts upon a devise of real estate, from the use in the will of formal words, or the presence of commonly employed phrases. Of such a case this seems a fair illustration; for beyond the opening words of the will, 'After all my lawful and just debts are paid, * * * I give * * * to my wife,' etc., the instrument, concededly, is devoid of any expression or declaration by the testator of intention as to the mode of payment of his debts."

And the court further said (page 168, 110 N. Y., and page 743, 17 N. E.):

"Inadequacy of the personalty is not suggestive of any intention, in view of the existing provisions of the Code of Civil Procedure, permitting a resort to the real estate by the creditors of the decedent."

It will be observed that the words of the will in the Rochester Case, supra, which were being considered by the court, are practically the same as the words of the will in the case at bar.

In the case of In re Bingham, 127 N. Y. 296, 27 N. E. 1055, the headnote is as follows:

"The will of F. contained an express direction to his executors to pay his debts. He gave his residuary estate to his heirs and next of kin in the same proportion as if he had died intestate, to be divided between and paid to them in cash in five years from his decease, and gave to his executors power to sell the property, and convert it into money, and make the distribution. Held, that the direction as to payment of debts did not make them a charge upon the testator's real estate."

In the case of In re Powers, 124 N. Y. 361, 26 N. E. 940, the first clause of the will which was being considered by the court was as follows:

"I direct that all my just debts not secured by mortgage, and my funeral and testamentary expenses, be paid by my executor out of my property," etc.

It was held that such words did not make the debts of the testatrix a charge upon her real estate, and the court said:

"The mere direction for payment of debts out of her property is, in effect, nothing more than a direction to pay them. In either case, the purpose is indicated that they may be paid out of the property of the decedent, and to render a provision in a will effectual to furnish a greater security than that given by law for the payment of debts in due course of administration, by charging them upon the real estate, the purpose must quite clearly appear."

In the case of Clift v. Moses, 116 N. Y. 144, 22 N. E. 393, where the will provided as follows:

"I do order and direct my executor hereinafter named to pay all my just debts and funeral expenses, as soon after my decease as can conveniently be made,"

—It was held that the debts and funeral expenses were not made a charge upon the real estate of the testator.

It would seem clear from the authorities cited (and many others might be referred to) that by the terms of the will in question the debts and funeral expenses of the testator were not made a charge upon the real estate, nor were they so made chargeable if such words of the will are considered in connection with the fact that the debts of the testator were largely in excess of the value of his personal property.

The second, or further, proposition presented by this appeal is equally well settled by authority. As was said by the surrogate before whom this proceeding was had, in his opinion upon the decision of the case:

"The person by whom the claims in question were paid was the executrix of the will of Mr. Dwyer, and as such was charged by the law, as well as by the solemn trust reposed in her by her dead husband, to in all ways possible protect the estate for the benefit, not only of herself, but of their children, who were ultimately to inherit the same. In addition to those duties, both

legal and moral, which rested upon her, she had a direct financial interest in the real estate in question. To her was given the entire use thereof during her widowhood, an interest which she might renounce, as she in fact afterwards did by her remarriage, or which she might if she chose retain during her entire life. She had also her dower right in the premises, and, in the event of her remarriage, the use of one-third of the real estate was still hers so long as she lived. All these various interests and trusts, other than her dower right, were liable to be entirely defeated and wiped away by the enforcement of the lien of the debts in question. If, in seeking to protect those rights and interests, she advanced the money due to creditors, and through ignorance or inadvertence failed to protect herself by proper assignment, she certainly was not a mere volunteer, but placed herself in a position whereby she could invoke, in the equity side of the supreme court, the doctrine of subrogation."

In the case of Ball v. Miller, 17 How. Prac. 300, one of the headnotes is as follows:

"Where, however, the debt of the administrator thus established before the surrogate, or any part of it, is caused by the application of the moneys of the estate to the payment of debts existing against the intestate in his lifetime, the administrator may be regarded as the equitable assignee of those claims, and to be subrogated to the rights of those creditors, and entitled to satisfy such claims out of the proceeds of the real estate, in the same manner as the original creditors."

And at page 305 the court say:

"I think she [as administrator] ought to be regarded as the equitable assignee of those demands, and to be subrogated to the rights of those creditors. This is a familiar principle in equity jurisprudence, and the surrogate's court partakes strongly of the characteristics of an equity tribunal. In equity the payment of a claim does not always and necessarily extinguish it, but it is deemed merged, extinguished, and satisfied, or kept alive, according as equity and justice require. In this case there was no obligation on the part of the administratrix to make payments beyond the personal assets in her hands, and, if she made them, it must be deemed to have been done for the convenience of the creditor, or for the benefit of the estate, and not to her own prejudice. To the extent that she has applied her own moneys or those of the estate upon the claims of creditors of the deceased, I think she must be regarded as the equitable assignee of those demands, and entitled to satisfy them out of the proceeds of the real estate, in the same manner as the original creditors, and such, I think, is the fair effect of the authorities. Livingston v. Newkirk, 3 Johns. Ch. 312, 316; Evertson v. Tappen, 5 Johns. Ch. 497, 514; Gilchrist v. Rea, 9 Paige, 66, 73; Collinson v. Owens, 6 Gill & J. 4."

To the same effect is Pease v. Eagan, 131 N. Y. 262, 30 N. E. 102; Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051.

We think, also, that the surrogate's court had jurisdiction to decree that the petitioner was entitled to be subrogated to the rights of the original creditors, and was right in holding that she was in the same position as if an assignment to her had been made by such original creditors of their respective claims against the estate of the testator, when the same were paid to them, respectively, by the petitioner. It follows that the decree of the surrogate's court should be affirmed, with costs to respondent, payable out of the estate.

Decree of the surrogate's court affirmed, with costs to the respondent, payable out of the estate. All concur.