### RENWICK v. RENWICK et al.

(Supreme Court, Special Term, New York County. June 7, 1909.)

1. CONVERSION (§ 15*)—POWER OF SALE—NECESSITY.

Though the fact that no power of sale is given does not, in itself, prevent equitable conversion of real estate into personalty, it is a circumstance to be taken into consideration in determining the intent.

[Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 28–55; Dec. Dig. § 15.*]

2. CONVERSION (§ 11*)—EQUITABLE CONVERSION.

Where, in a contract between testatrix and her stepsons, she reserved the right to sell, in her discretion, the real estate which she was contracting to will to her stepsons, but it was further provided that the proceeds of such sale should be held in place of such real estate, this would, instead of evidencing an intention that the real estate should be converted into personalty so as to be deemed such under the doctrine of equitable conversion, rather indicate that the real estate should continue to be treated as such, even after converted into personalty.

[Ed. Note.—For other cases, see Conversion, Dec. Dig. § 11.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CONVERSION (§ 15*)—EQUITABLE CONVERSION.

 The use of the word "rents" in a devise of testatrix's real estate to her executor in trust, to be divided and the rents, issues, and profits of an equal part applied to the use of a stepson, indicates to some degree, at least, that testatrix did not intend that the real estate should be converted into personalty, so as to require it to be deemed such under the doctrine of equitable conversion.

 [Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 28–55; Dec. Dig. § 15.*]

Action by Eleanor Renwick, as administratrix of the estate of Stanhope C. Renwick, deceased, against Harold S. Renwick and others. Finding for defendants.

George Bell, for plaintiff.

John P. Herren, for defendant Harold S. Renwick.

Howland, Murray & Prentice (Geo. Welwood Murray and Robert McC. Marsh, of counsel), for defendant New York Cent. & H. R. R. Co.

Geo. Welwood Murray, guardian ad litem, for defendant Claire R. Renwick.

GIEGERICH, J. The plaintiff, Eleanor Renwick, brings this action as administratrix of her deceased husband, Stanhope C. Renwick, for a judicial construction of the will of Annie E. Renwick, the stepmother of said Stanhope C. Renwick. The contention of the plaintiff is that by the terms of this will and by the terms of a certain contract between said Annie E. Renwick and Stanhope C. Renwick, wherein Mrs. Renwick agreed to devise her real estate at her death to Stanhope and his brother, Frederick, there has been an equitable conversion of certain real estate into personalty. The contract is not material, except for the fact that by its terms Mrs. Renwick bound herself not to alter or revoke the provisions of her will in favor of Stanhope C. and Frederick Renwick. The material portions of the will are as follows:

"Second. I give, devise and bequeath all the real estate which I now hold, viz.: Premises known as numbers 203 West street, 228 Washington street * * * and an undivided interest in pier and bulkhead at the foot of Barclay street, North River, and in the pier and bulkhead at foot of Murray street, North River, * * * to my executor hereinafter named upon the trust, to divide the same into two equal parts, the value thereof to be fixed by him, and to convey one of such parts to Stanhope C. Renwick, son of my deceased husband * * * and the other of such parts, to hold and collect the rents, issues and profits and to apply the same to the use of Frederick W. Renwick, another son of my husband, during the term of his natural life. * * * If at the time of my death Frederick W. Renwick shall have died leaving no issue him surviving, in such case I give and devise to Stanhope C. Renwick the whole of my said real estate and the proceeds thereof.

"Third. * * * It being my wish and intention that the said real estate and the proceeds thereof shall after my death go to the children of my husband, if living, and if either be dead, without issue, to the survivor of them, or, with issue, to such issue per stirpes and not per capita."

After the death of Mrs. Renwick, her executors (she having later made a codicil appointing two executors, instead of one) and Stanhope C. and Frederick W. Renwick entered into an agreement regard-

ing the division of the said real estate devised to them. Stanhope C. Renwick took as his share the premises known as No. 203 West street and an undivided one thirty-second interest in the two piers. The executors kept, as trustees of Frederick W. Renwick, for his share, the premises known as No. 228 Washington street and an undivided one thirty-second interest in the two piers. Next, in point of time, Stanhope C. Renwick died, and when, later, Frederick W. Renwick died, the trustees turned over the property they had held in trust for him to the two defendants Harold and Claire Renwick, the children and sole heirs at law of Stanhope C. Renwick. As Stanhope died before Frederick, his widow cannot have dower, as he was not entitled to possession until the termination of the trust for the life of Frederick. She claims, however, that the property devised to Stanhope and Frederick was by the contract and will, and by the sale of a part of the real estate, from which $80,000 was realized, equitably converted into personal property, and that therefore, when Frederick's share on his death without issue reverted to the estate of Stanhope, it was personal property, which she as administratrix was entitled to distribute, and to one-third of which she was entitled as his widow under the statute of distributions.

In its last analysis, in my opinion, the whole claim of the plaintiff is based upon the contention that since the executors were required by the will to divide this real estate into two equal parts, and since part of this real estate consisted in an undivided interest in two piers (namely, a one-sixteenth interest in each), an actual division in kind of the property was not possible, and that therefore a sale of this property was necessary in order to make the required division; and, further, since an actual sale was necessary to divide it, the testator must have intended such a sale to be made, and, consequently, that there has taken place an equitable conversion of this real estate. The plaintiff's argument on this point falls, however, because there has been in fact an equal division of the property in kind to the satisfaction of all the parties concerned. The two houses have been allotted, each party taking one, and the undivided one-sixteenth interest in the piers has been apportioned, each party taking an undivided one thirty-second interest therein. Moreover, from the provisions of the will and the contract which made reference to it, the inference to be drawn, in accordance with which the will was drawn, is that the testatrix and the parties to the contract did not intend that this property should be converted into personalty. The power of sale given to the two executors does not extend to this property, but embraces only that portion of the real estate held in trust for Frederick W. Renwick in order to make a division thereof among his descendants, if he should have any. Although the fact that no power of sale is given does not, in and of itself, prevent equitable conversion when the other circumstances clearly indicate that the testator intended it (Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812), still the lack of it is a circumstance to be taken into consideration in determining the intention of the testator. In the contract Mrs. Renwick reserved the right to sell in her discretion the real property which she was contracting to will to her stepsons; but it was further provided that the proceeds of such sale

should be held and substituted in place and stead of such realty. Instead of evidencing an intention that real estate should be converted into personalty, this would, if anything, rather indicate that this property should continue to be deemed and treated as real estate, even after it was in fact converted into personalty.

Again, in the will, the trust is to the executor to hold one of the parts (that is, after the equal division) and collect the rents, issues, and profits and apply the same to the use of Frederick W. Renwick, etc. This use of the word "rents" indicates, to some degree at least, the intention of Mrs. Renwick as to what form the property should be in after the division. The idea of carrying out the intention of the testator is the foundation of the doctrine of equitable conversion. Clift v. Moses, 116 N. Y. 144, 157, 22 N. E. 393. It has its origin in the maxim, "Equity looks upon that as done which ought to be done." 7 Am. & Eng. Ency. of Law (2d Ed.) p. 464; Moncrief v. Ross, 50 N. Y. 431, 436. In the present case, as it was possible to carry out the intention of the testatrix without any sale of the property, and as the intention of the testatrix was that such a conversion should not take place, it will not be deemed to have taken place.

The complaint should therefore be dismissed upon the merits, with costs. Submit findings of fact and conclusions of law in accordance with the views above expressed on two days' notice of settlement.