that the share belonging to the grandchildren was to be deposited, and hence, when she later used the words "until the distribution of my estate," she meant the distribution of that part of her estate for whose distribution she had not theretofore provided, namely, the part of her estate which was bequeathed to the daughters. If I am correct in this conclusion, then there is clearly a setting apart with words of present gift, a consequent vesting, and only the actual paying over deferred for 10 years. During this time those to whom the property belongs are to receive the net income of their respective shares. This would be in line with the principle that the law favors a construction resulting in the vesting of estates rather than one having a contrary effect, and it would not, in my opinion, based upon an examination of many authorities, including those cited in respondents' brief, result in a violation of the statute prohibiting the unlawful suspension of the power of alienation. See cases cited supra; also Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481; Seitz v. Faversham, 205 N. Y. 197, 98 N. E. 385; Cammann v. Bailey, 210 N. Y. 19, 103 N. E. 824; Bushnell v. Carpenter, 92 N. Y. 270, 272; Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 92; Matter of Dippel, 71 App. Div. 598, 76 N. Y. Supp. 201; Matter of Lincoln Trust Co., 76 Misc. Rep. 421, 137 N. Y. Supp. 162; Fulton Trust Co. v. Phillips, 164 App. Div. 498, 150 N. Y. Supp. 335.

Whether the provision that the share of the grandchildren be deposited in banks for their benefit until they arrive at the age of 25 years violates the statute as to unlawful accumulation does not require consideration, because the only surviving grandchild was over 25 years of age at the time of the death of the testatrix. I accordingly construe the will as heretofore indicated and adjudge that the provisions of paragraph "Third" do not result in an unlawful suspension of the power of alienation.

Decreed accordingly.

(88 Misc. Rep. 355)

## In re SEYMOUR'S ESTATE.

(Surrogate's Court, Herkimer County. December, 1914.)

1. WILLS (§ 821*)—CONSTRUCTION—GENERAL LEGACIES—CHARGE ON REALTY.
    Where a will gave executors discretionary power to dispose of any and all realty not specifically devised, and the personalty was insufficient to pay funeral expenses, including a monument and bequests, as testatrix must have understood, the general legacies, pursuant to her intent as disclosed by the entire will and the circumstances under which it was executed, were a charge on the realty which passed under the residuary clause of the will.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119; Dec. Dig. § 821.*]

2. WILLS (§ 636*)—CONSTRUCTION—VESTING OF INTEREST—REALTY PASSING UNDER RESIDUARY CLAUSE.
    Where the general legacies were a charge on the realty which passed under the residuary clause of a will, the title to such realty vested in the residuary legatee at testator's death, and so remained until divested by execution of a power of sale given the executors by the will, and until

such sale the residuary legatee was entitled to the rents, less expenses of preserving the property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1514–1518; Dec. Dig. § 636.*]

In the matter of the estate of Mary E. Seymour, deceased. Proceeding on judicial settlement of the accounts of an executor. Decreed according to opinion.

C. B. Hane, of Herkimer, for executors.

BELL, S. Judicial settlement of executors' account. The question presented is whether the general legacies are a charge upon the two parcels of decedent's real property, not specifically devised.

Testatrix made her will on January 1, 1913, and died the 16th of the following month. By the first paragraph she directed·the payment of her debts and funeral expenses. By the second she directed her executors to erect a suitable monument upon her burial lot to cost in the neighborhood of $800. By the third she devised to a niece, Nellie Marvin Burrill, a house and lot situate at Round Lake, Saratoga county, N. Y. By the fourth, fifth, sixth, seventh, eighth, and ninth she bequeathed to six persons, some or all nephews and nieces, $1,000 each. By the tenth she bequeathed to the Troy Conference of the Methodist Episcopal Church, to be applied to the fund for superannuated ministers, the sum of $500. The eleventh is as follows:

"All the rest, residue and remainder of my property, both real and personal of every name and nature and wheresoever situate, I give, devise and bequeath to my niece, Nellie Marvin Burrill, of Herkimer aforesaid, with whom I now reside."

The twelfth is as follows:

"I authorize and empower my executors hereinafter named·to sell and dispose of any and all real estate of which I shall die seised or possessed, except the said Round Lake property, at such time or times and in such manner, either at public or private sale, as to them may seem for the best interest of my estate and to execute, acknowledge and deliver all proper writings, deeds of conveyance and transfers therefor."

Testatrix's nearest relatives were nephews and nieces. No evidence has been given as to the amount of personal property she had at the time the will was made.

[1] In view of the short time between the making of the will and her death, and it not appearing that she was engaged in any business, I assume that there was no change in the personal from the time of making the will until her death, except a small amount paid for maintenance, so that her personal property when the will was made amounted to about $3,000. Take from this the funeral expenses and $800 for monument, it leaves about $2,000 with which to pay legacies amounting to $6,500, unless the legacies are a charge on her two parcels of real property, situate in the city of Troy, N. Y., and which rent for $912 per year.

The personal property of the testatrix is the primary fund for the payment of the general legacies; and it is the only fund, unless a clear

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

intent to charge these legacies upon the two parcels of real property, not specifically devised, is found in, or may be gathered from, the will in connection with the surrounding circumstances. The testatrix must have understood that her personal property was largely and clearly insufficient to pay her funeral expenses, including monument, and the legacies bequeathed. The legacies are three times the amount of personal property to pay them, and it seems impossible that the testatrix did not know that; she must have known that they could not be paid, except by aid of these two parcels of real property.

It is to be presumed that the will was made honestly and in good faith, and that when the testatrix provided these legacies she intended that they should be paid. The eleventh and residuary paragraph of the will blends the personal and real property:

"All the rest, residue and remainder of my property both real and personal, of every name and nature and wheresoever situate."

There could be no "residue" of both real and personal, unless something had been taken out. This language indicates an understanding by the testatrix that after making these legacies there was left a "residue and remainder" of her whole property.

The twelfth paragraph authorizes the executors "to sell and dispose of any and all real estate, * * * except the said Round Lake property, * * * as to them may seem for the best interest of my estate." This does not mean for the best interest of her real estate alone, but for the best interest of her whole estate, both real and personal; otherwise, there is no need of a sale. She had no debts to speak of, there was no sale of real property by contract to complete, and there was no need of a sale for the benefit of the residuary devisee.

While neither the insufficiency of the personal to pay the general legacies, nor the blending of the personal and real in the residuary clause, nor the power of sale for the best interest of her estate, is alone sufficient to infer an intention to charge the general legacies upon the real property not specifically devised, here all these circumstances unite, and their united force satisfies me that there was a clear intention by the testatrix to charge these legacies upon her two parcels of real property, situate in Troy, N. Y. Taylor v. Dodd, 58 N. Y. 335; McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480; Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054; McManus v. McManus, 179 N. Y. 338, 72 N. E. 235.

[2] These two parcels of real property passed, to Mrs. Burrill, the devisee named in the eleventh paragraph of the will, at the death of the testatrix, and the title became vested and will remain in her until divested by the execution of the power of sale by the executors, and she is entitled to the rents until such sale, less the taxes, insurance, repairs, etc. Clift v. Moses, 116 N. Y. 144, 157, 22 N. E. 393.

Decreed accordingly.