judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

BRADY and BARTLETT, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

53  433
119a  509

---

IN THE MATTER OF THE APPLICATION OF ALFRED ROE AND WILLIAM CRUIKSHANK, EXECUTORS AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF ELIZABETH F. FLOYD, DECEASED, FOR LEAVE TO SELL CERTAIN REAL ESTATE.

*Sale of real estate by trustee under chapter 257 of 1886 — what necessity for a sale must exist — what improving or preserving of other real estate is contemplated by the statute.*

Elizabeth F Floyd died leaving a will, by which she devised certain real estate to her executors upon certain trusts. No power of sale having been conferred upon the trustees, this proceeding was instituted by them under chapter 257 of the Laws of 1886, which provides, that " where the trust is or shall be expressed in the instrument creating the trust, every sale or other act of the trustees in contravention of the trust shall be absolutely void; provided, however, that the Supreme Court shall have power, upon such terms and conditions as to the court shall seem just and proper in any case, to authorize any such trustee to mortgage or sell any such real estate, whenever it shall appear to the satisfaction of said court, or a judge thereof, that it is for the best interest of said estate so to do, and that it is necessary and [for the benefit of the estate to raise by mortgage thereof, or by a sale thereof, funds for the purpose of preserving or improving such estate."

Proceedings having been had pursuant to this statute, the court, upon the coming in of the report of a referee who had been appointed to take proof of the facts and circumstances, made an order in which, after stating that it appeared to its satisfaction that it was for the best interest of the estate in question, and that it was necessary for the purpose of preserving and improving the estate that it should be sold, it so directed. There was no claim but that the estate was able to keep down the taxes, etc., upon the property, nor was there any claim that there was any danger of its being lost if unsold, and the only improvement to the estate which would result from the sale was that the income of the life tenant would be thereby increased.

*Held*, that this did not afford any ground whatever for the granting of the order of sale.

That an order for its sale should be made only when the real estate will be lost, because the estate to which it belongs has no means with which to keep down taxes or the interest on incumbrances thereon, or where means are necessarily needed which cannot be procured from any other source to pay the charges upon other portions of the estate, or where there is the power to improve, a carrying out of which would result in permanent advantage to the balance of the estate.

It must appear that the sale is *necessary*, not advisable, to procure funds for preserving or improving such estate.

That the statute, in speaking of improving or preserving such estate, intended the estate in the lands created; in other words, to preserve or improve the other real estate embraced within the trust, and no authority whatever was intended to be given to turn realty into personalty in contravention of an instrument, merely to increase the income of a life tenant.

The constitutionality of the act not considered.

Appeal from an order made at a Special Term held in New York county, bearing date April 4, 1889, and entered in the office of the clerk of the city and county of New York on April 11, 1889, confirming the report of a referee in proceedings instituted by the executors and trustees under the last will and testament of Elizabeth F. Floyd, under chapter 257 of the Laws of 1886, for the purpose of procuring a sale of certain real estate.

*Thomas T. Sherman*, for infant appellants.

*John J. Macklin*, for the petitioners, respondents.

*W. V. Rowe*, for respondent Vingut.

Van Brunt, P. J.:

This proceeding was brought for the purpose of procuring the sale of certain real estate which belonged to the estate of Elizabeth F. Floyd, deceased, and which real estate has been devised to her executors upon certain trusts, and as to which said trustees had no power of sale under the provisions of chapter 257 of the Laws of 1886, which provided that "where the trust is, or shall be, expressed in the instrument creating the trust, every sale, conveyance or other act of the trustees in contravention of the trust shall be absolutely void; provided, however, that the Supreme Court shall have power, upon such terms and conditions as to the court shall seem just and proper, in any case to authorize any such trustee to mortgage or sell any such real estate whenever it shall appear to the satisfaction

of said court or a judge thereof that it is for the best interest of said estate so to do, and that it is necessary, and for the benefit of the estate, to raise by mortgage thereon, or by a sale thereof, funds for the purpose of preserving or improving such estate."

Proceedings having been had pursuant to the statute, and a reference having been had to take proof of the facts and circumstances stated in the petition, upon the coming in of this report, the court made an order in which, after stating that it appeared to its satisfaction that it was for the best interest of the estate in question, and that it was necessary, and for the benefit of said estate to raise by a sale of the premises described in the petition funds for the purpose of preserving and improving such estate, it was ordered and adjudged that the same be sold, etc., and from this order this appeal is taken. The only question which has been presented upon this appeal seems to be as to the constitutionality of the act above recited. We think, however, that there is another point which disposes of this application.

The only ground upon which it is claimed that it is for the best interest of the estate in question, or that it is necessary for the benefit of the estate to raise, by a sale of the real estate mentioned in the petition, funds for the purpose of preserving or improving such estate, is that the property to be sold is unimproved and yields no income, and by a sale thereof the income of the estate would be increased. There is no claim but that the estate is able to keep down the taxes, etc., upon the property, nor is there any claim that there is any danger of its being lost if unsold, and the only improvement to the estate which would result from a sale seems to be that the income of the life tenant would be thereby increased.

We do not think that this affords any ground whatever for the granting of the order for sale. It is only where the real estate will be lost because the estate to which it belongs has no means to keep down taxes or the interest on incumbrances thereon, or where means are necessarily needed which cannot be procured from any other source to pay the charges upon other portions of the estate, or where there is a power to improve, the carrying out of which would result in permanent advantage to the balance of the estate. This is the plain and unequivocal language of the statute. It must appear that a sale is *necessary*, not advisable, to procure funds for

the preserving or improving such estate. Where the estate is amply able to pay the charges upon its real estate funds are not needed for its preservation, and the only manner in which it is claimed that these funds will improve the estate, is that they will increase the income of the life tenants. This certainly may improve the estate of the life tenants, but it in no way tends to improve the estate of the testatrix. It is clear that this kind of improvement was not intended, but what is authorized is to sell some portion of the real estate for the purpose of bettering the balance, whereby the whole estate would be rendered more valuable. That this is the true construction of the act in question is plainly shown by the history of legislation upon this subject. The first act that was passed upon this subject seems to have been chapter 26 of the Laws of 1884, in which is used exactly the same language used in the act in question, leaving out the words "or sell" and "or by a sale thereof," the only power being that to mortgage for the purposes of the act. That is, where necessary to improve or preserve the estate, leave to mortgage might be given. As it is clear that the income of an estate could not be increased by mortgaging real estate and investing the amounts realized upon mortgages in a manner such as trustees are empowered to do, it is apparent that the legislature never meant by the words, "improving the estate" simply increasing the annual income, because that could not possibly be done by raising funds upon mortgage, as it would take all the income derived from the funds raised upon the mortgage, if invested, to keep down the interest upon the charge. By the insertion of the power of sale in the act of 1886, it certainly was not intended to change the whole meaning of the words of the statute already in existence, but simply to afford additional means to raise funds.

It will further appear, upon a close reading of the act, that where the words estate are used real estate is referred to. The act in question is an amendment of a section of the Revised Statutes relating to estates in lands, and where it speaks of the instrument creating the estate it refers to an instrument creating an estate in lands, and this view is strengthened as we proceed in the reading of the act. It says: "To authorize any such trustee (referring to the trustees appointed by the instrument mentioned) to mortgage

or sell any *such* real estate." The only real estate mentioned was the real estate as to which the trust was created by the instrument, and so whenever estate is mentioned it evidently refers to the trust estate created in lands. Therefore, when the statute speaks of improving or preserving such estate, it must mean the estate in the lands created; in other words, to preserve or improve the other real estate embraced within the trust, and no authority whatever was intended to be given to turn realty into personalty, in contravention of an instrument, merely to increase the income of the life tenants. If such is the rule, then no trust in unimproved real estate could ever be created.

The order appealed from should be reversed and the application denied.

Brady and Daniels, JJ., concurred.

Order reversed and application denied.