59  557
128a 658

IN THE MATTER OF THE APPLICATION OF ELIZA W. CLARKE, ADMINISTRATRIX, WITH THE WILL ANNEXED, OF DAVID CLARKE, TO MORTGAGE REAL ESTATE.

*Trustee — what " estate" he is authorized to mortgage or sell by chapter 257, Laws of 1886 — grounds for the application.*

The " estate " referred to in chapter 257, Laws of 1886, providing that the Supreme Court shall have power to authorize a trustee to mortgage or sell real estate, held in trust by him, whenever it shall appear to the satisfaction of the court or judge " that it is for the best interest of said estate so to do, and that it is necessary and for the benefit of the estate to raise by mortgage thereon, or by a sale thereof, funds for the purpose of preserving or improving such estate," is not the general estate of the decedent or creator of the trust, but only such estate as is held by the trustee under the provisions of the trust.

Upon such an application by a testator's widow to mortgage real property, it appeared that the money to be raised by the mortgage was desired to pay taxes and assessments thereafter to be levied, and to pay to the petitioner an annuity in arrears, which was alleged to be charged upon the testator's real estate.

*Held*, that no grounds were shown justifying the application.

APPEAL by Louis C. Bush, Rhoda Bain, Melitta S. Pratt, M. W. Clarke, Sarah E. Clarke, Elvira Thomson, Howard Clarke, Elisha B. Clarke, Jane L. Colby, Ellen A. Clarke, Mary B. Saxe Clay and Ann Melia Hall, contestants, from an order made at a Special Term, and entered in the Monroe county clerk's office on the 17th day of July, 1890, granting leave to mortgage the real estate described in said order.

*W. F. Dunmore*, for Louis C. Bush and others, heirs-at-law of David Clarke, appellants.

*C. M. Williams*, for the petitioner, respondent.

MACOMBER, J. :

This appeal is brought by the heirs-at-law of David Clarke, the testator, from an order of the Special Term directing a mortgage to be executed in the sum of $5,000 upon the real estate left by the testator, for the purpose of preserving and improving the estate in the manner alleged in the petition, and for the payment of any taxes or assessments due or to become due on the premises, and to redeem

.the premises from any tax sales, and to pay the attorneys of the petitioner a certain sum for their costs, and also for the payment to the widow of David Clarke, who is the petitioner, the amount of her annuity of $400, given to her by the will. The order also directed that the administratrix, with the will annexed, acting as trustee under the will, should hold the balance of the proceeds of the mortgage upon the same trusts as were created by the last will, and that she pay from the proceeds of the mortgage the interest coming due on the mortgage from time to time, and also her annuity and taxes aforesaid as they respectively mature.

This proceeding is brought under chapter 257 of the Laws of 1886, amending section 65 of part 2 of chapter 1, title 2, article 2 of the Revised Statutes, relating to uses and trusts, for the purpose of paying an annuity given to the widow of the decedent by the will, and for raising money to pay future taxes as well as taxes then assessed, though not due at the time of the beginning of the proceeding.

The will, after making a provision of a bequest of $700 to the widow, which is stated to be in lieu of dower, provided, besides the use of the house, for an annuity to her of $400, payable quarterly. The testator died on the 31st day of December, 1874, and his will was admitted to probate on the 12th day of March, 1875, and letters testamentary thereon were issued to the executor therein named, who continued in the discharge of his duties until the 28th day of December, 1878, when he was, by a decree of the surrogate of Monroe county, removed, his letters revoked, and the administratrix with the will annexed substituted in his place. The amount of the personal property left by the testator was $8,423.99; the value of the real estate about $10,000. A judicial settlement of the accounts of the former executor and trustee was had on the 30th day of December, 1878, when it was found that the sum of $3,810.91 was in his hands, which subsequently was paid over to the present administratrix. A legacy of $1,000 was paid, together with the interest thereon, to one Lewis Clarke in his lifetime. No accounting has been had by the present administratrix with the will annexed, but it was found by the referee that she had paid out the moneys which she had received in behalf of the estate, but for what particular purposes was not disclosed by the report.

When the petition herein was filed there were remaining unpaid no taxes or assessments or other liens upon the property, unless the annuity of $400 given to the widow was such a lien. But in the view which we take of the case it is not necessary to determine the latter question. By the amendment of 1886 (chap. 257) it is provided : " That the Supreme Court shall have power, upon such terms and conditions as to the court shall seem just and proper, in any case, to authorize any such trustee to mortgage or sell any such real estate whenever it shall appear to the satisfaction of said court, or a judge thereof, that it is for the best interest of said estate so to do, and that it is necessary and for the benefit of the estate, to raise, by mortgage thereon, or by a sale thereof, funds for the purpose of preserving or improving such estate."

In order to support the petition in this case, it must be shown that the will of David Clarke created a trust in the real estate left by him, and in this respect we think the petitioner has wholly failed to make out a case. The use of the real estate mentioned in the petition, together with the household furniture, was given to the widow during her lifetime, unconditionally. She was not to receive the same by the hands of the executor or trustee of the will, but was entitled to the same directly. No duty was imposed upon the trustee to collect the rents and profits, and, consequently, no title to the real estate vested in him. (1 R. S., 727, § 47; id., 729, §§ 58, 59, 60; *Clift* v. *Moses*, 116 N. Y., 144; *Chamberlain* v. *Taylor*, 105 id., 185; *Cooke* v. *Platt*, 98 id., 35; *Robert* v. *Corning*, 89 id., 225; *Stevenson* v. *Lesley*, 70 id., 512; *Embury* v. *Sheldon*, 68 id., 227; *Brill* v. *Wright*, 112 id., 129; *Briggs* v. *Carroll*, 117 id., 288.)

But there is another fatal objection to this proceeding, and that is, that the statute under which it is brought does not authorize the sale or mortgaging of lands for the purposes mentioned in the petition and in the order. At the time the petition was filed no taxes or liens by assessments or other liens existed upon the property. It appeared at the time of the hearing that there was due and unpaid to the widow the sum of $600 of annuities. In reality, therefore, the only ground upon which the prayer of the petition was based at the time this proceeding was begun and upon which it has been granted, is this outstanding indebtedness to the widow. It does not appear but that the remaindermen are able

to and will pay all taxes and assessments which may be laid upon the property. No necessity for making repairs is shown. Even if the annuity was a charge against the real estate under the will, within the decision of *Hoyt* v. *Hoyt* (85 N. Y., 142), cited by the learned judge at the Special Term, still such charge could not be worked out under the provisions of this act by an application to the court by the so-called trustee. By the amendment introduced by the act of 1886, authorization to the trustee to mortgage or sell the real estate, the title of which he holds, can be made only when it is shown that such sale or mortgage will be for the benefit of the estate, and that such funds are necessary for the purpose of preserving or improving the real estate. The language of the statute is plain and its application certain. In the *Matter of Roe* (119 N. Y., 509) it was held that, to justify an order of sale some necessity must be shown to exist for the use of the money in the preservation or improvement of the property, which the estate is not in a condition to supply, and which could only be supplied by borrowing upon a mortgage or selling a part and using the proceeds, and that a sale could not be ordered for the purpose of reinvestment and with a view only to increase the income, even though the real estate be unproductive; that the improvements contemplated by the statute were not for the purpose of supplying funds to the trustees or for the purpose of increasing the trust funds, but for the purpose of the improvement of the real estate and saving it.

The estate referred to in the statute is not the general estate of the decedent, but only such as is held by the trustee under the provisions of the trust. When, therefore, the statute speaks of the improvement or preserving of such estate it does not mean the estate at large, but the particular real estate held by the trustee under the statute.

The order appealed from should be reversed, with costs, and the application denied, with costs.

DWIGHT, P. J., and CORLETT, J., concurred.

Order appealed from reversed, with costs, and the motion denied, with costs.