(31 Misc. Rep. 292.)

### HUGGINS v. LEWIS.

(Supreme Court, Special Term, Madison County. March 28, 1900.)

1. WILLS—CONSTRUCTION—REAL ESTATE—SALE.

Testator devised all his estate to his wife for life, and with power to sell real estate as might be necessary, to her best judgment, remainder to his children. A subsequent clause of the will provided that, if any of testator's children required assistance in their care and support, the wife was empowered to use sufficient of the estate to meet the emergency, according to her judgment. A codicil of the will provided that while a certain daughter remained single she should be paid an annuity of $200 a year from the profits of the estate. *Held*, that such daughter, after marriage, could not compel a sale of real estate for her benefit, since it was the evident intention of testator to keep the estate intact, and no power of sale was given except at the wife's discretion.

2. SAME—ENFORCEMENT OF POWERS—PARTIES.

In a suit by a daughter of testator to compel the wife to exercise a discretionary power to sell real estate for plaintiff's benefit, such relief could not be granted where a child of a deceased daughter of testator was not made a party, and the wife, who held a life estate in the property, was a party only in her representative capacity as testator's executrix.

3. SAME—DEED BY EXECUTRIX—VALIDITY AS AGAINST HEIRS.

Testator devised all his estate to his wife for life, with remainder to his children, giving the wife the right to sell real estate at her discretion. A subsequent clause of the will provided that, if any child of testator should require assistance in their proper support, the wife might use sufficient of the estate to meet the emergency. *Held*, that the wife, on request of an indigent daughter of testator, could not sell real estate for her benefit, and give a valid deed, as against the child of a deceased daughter of testator.

4. SAME—PRECATORY CLAUSE—REMAINDER-MAN ENFORCING.

A precatory clause in a will will not be enforced in favor of one to whom the bulk of the estate is devised as remainder-man.

Action by Mary A. Huggins against Juliet G. Lewis, as executrix and testamentary trustee under the will and codicil of Hiram Lewis, deceased. Complaint dismissed.

John A. Johnson, for plaintiff.

M. Eugene Barlow (Henry B. Coman, of counsel), for defendant.

FORBES, J. This is an action brought by Mary A. Huggins against the executrix and trustee of the testator, to compel said executrix to sell certain portions of the real estate, held by her as

trustee, and pay over to the plaintiff a sum sufficient to maintain and support her while she is in an alleged indigent condition; as provided by the fourth clause of the last will and testament of said testator. The plaintiff is the daughter of Hiram Lewis. The defendant, Juliet G. Lewis, the executrix, etc., is the widow of Hiram Lewis. This action involves the construction of the last will and testament of said Hiram Lewis, which was made on the 27th day of February, 1883, and the codicil to said will, which was made on the 7th day of May, 1888. After providing for the payment of his debts and burial, and a bequest to his son Charles of a breastpin owned by the deceased, the third clause of said will reads as follows:

"All the rest, residue, and remainder of my estate, real and personal, of every name and nature, shall be held in trust by my wife, Juliet G. Lewis, during her natural life, in manner and for the purposes hereinafter mentioned; that is to say, the same shall be managed and controlled by my said wife as trustee, for that purpose duly appointed. The income, rents, profits, and interest arising from my said estate shall belong to and be the property of my said wife, for her use, support, and disposition during her lifetime, the principal being by her held in trust as aforesaid, with power in her to make such changes of investment thereof as her best judgment shall determine to be for the interest of my estate, and to that end she is empowered to make sale of any or all of my real estate, execute any contract, agreement, or conveyance thereof, as may be necessary, and take and receive the avails of such sales in her possession and control as trustee as aforesaid, the interest or income arising therefrom to be used and enjoyed by her as aforesaid during her natural life. The power above vested to extend to the changing of investment of personal securities as well as real estate."

It will be seen by this clause in the will that the defendant is given possession, control, management, and all of the income from said estate for and during her natural life. This bequest was the least of the moral and legal obligations which the testator owed to his widow. Buchanan v. Tilden, 158 N. Y. 109, 52 N. E. 724. The fifth clause of said will, in part, reads as follows:

"Fifth. Upon the decease of my said wife, Juliet G. Lewis, all the estate, real and personal, and the remainder thereof so held by her as trustee as aforesaid, shall belong to my children, or the survivor of them, as follows."

The estate is then divided between the three children of the deceased, who were living at the time of the making of said last will and testament. The fourth clause in said will reads as follows:

"Fourth. Should my children, or either of them,—that is, Ida E. Skinner, Mary E. Lewis, or Charles H. Lewis,—by reason of sickness or unforeseen calamity become necessitated as to require assistance in their proper and necessary care and support, and the income and profits arising from the real estate and investments in the hands of my said wife as above mentioned shall prove insufficient for her proper support and to afford the necessary contribution for the aid of my said children, or either of them, then my said wife, as such trustee, is empowered to use sufficient of my estate in meeting the requirements of the emergency to the extent her best judgment may dictate."

This clause, while unfortunately worded, thus making the intention somewhat obscure, I think must be interpreted as meaning that the executrix might use a portion of the principal part of the estate in accordance with the exercise of her best judgment, either in supporting herself or in relieving any of the children of the deceased from actual want; and, I think, cannot be construed as a peremptory

obligation imposed on her to change the form of the trust estate against her judgment and wishes. Riker v. Cromwell, 7 N. Y. St. Rep. 316, and authorities cited at page 320. The whole tenor of the will seems to provide for the keeping of the estate intact, unless the income should be insufficient for the support of the widow, or unless she should see fit to turn over some portion of the estate to any of the children who actually needed care and support. It seems to me that this conclusion is a reasonable one when we take into consideration, in connection with the will, the provisions of the codicil, made five years subsequent to the making of the will. At this time the plaintiff in this action was unmarried, and by the first clause of said codicil the following provision was made for her:

"First. I will and direct that my wife, the executrix and trustee named in my said last will, shall pay annually after my decease to my daughter, Mary A. Lewis, the sum of two hundred dollars ($200.00) during the time my said daughter Mary A. shall remain single and unmarried, and during the lifetime of my said wife. Should said Mary A. marry during the lifetime of my said wife, then the payment of said annuity of two hundred dollars shall cease. The said amount of $200.00 is to be paid from the issues, interests, and profits of my estate, real and personal."

At the time this codicil was made, Ida Emeline Skinner, the other daughter of the deceased, had died, and Charles H. Lewis and the plaintiff were the only children surviving. Charles H. Lewis has since died, leaving the plaintiff in this action the only surviving child; and a daughter of Mrs. Skinner, Lela May Skinner, the only heir of the deceased daughter. Mary A. Lewis was married to Harry N. Huggins at Council Bluffs, Iowa, September 13, 1888. Charles H. Lewis died about August, 1890, without issue. The testator died on the 5th day of February, 1892. Under the fifth clause of the codicil, the residuary estate, in remainder, passed to Mary A. Lewis, the plaintiff, and Charles H. Lewis, share and share alike; subject, nevertheless, to the life use of the same to the defendant, as provided in the will. It seems to me that the codicil makes it very plain, indeed, that the intention of the testator was to provide a specific annuity for the plaintiff up to the time of her marriage, when that annuity was to cease. It is also plain, by a provision in the codicil, that the principal sum was not to be devoted to the payment of such annuity, but that it should come wholly from the rents and profits of the real estate and investments. After the death of the testator, the filing of the inventory disclosed that there was personal property to the extent of $4,353.12. It was conceded, on the trial, that this entire sum has been absorbed in the administration of the estate, the payment of debts, and expenses. The real estate consists of a small house and lot, a small hotel, and a brick dwelling house, near to the same and upon the same lot; in the village of Canastota; about 20 acres of land in the town of Madison, in this county; this, with the hotel furniture, seems to be all there is left of the estate. There is no evidence in the case to show that there is a surplus income, arising from said estate, above sufficient to support the widow in the manner provided for by the will. Holden v. Strong, 116 N. Y. 471, 22 N. E. 960. So that the court cannot find that the estate, in its present condition, affords sufficient income to warrant an appropria-

tion of any portion of such income to the support of the plaintiff. It will be seen that, after carving out from said estate the life interest of the wife, the absolute title to three-quarters of said real estate is vested in the plaintiff in fee. On the death of Charles H. Lewis and the death of the testator, under the codicil portion of said will, one half of the interest of Charles in said estate passed to the plaintiff, and the other half to the daughter of Mrs. Skinner. She is not made a party to this action, nor indeed is the defendant made a party, except in her representative capacity. This being the situation, can a decree be made and enforced to sell any portion of the real estate in the hands of the executrix for the support and maintenance of the plaintiff? No decree could be made to bind the heir of the deceased daughter, as no decree, under the form of the complaint, in this action, would bind the individual interest and life estate of the defendant. Again, the evidence shows that the plaintiff is not in the condition provided for by said will, nor does she come within the provision of the fourth clause of said will, entitling her to maintenance and support as an indigent person. She stands, upon the record, the absolute owner in fee of three-fourths of this real estate, which she has the right to sell, or mortgage, or dispose of in any manner she sees fit, subject to the life estate of the defendant.

In all of the cases which I have examined, where a precatory clause has been enforced, it was where the bulk of the property was given absolutely to the devisee or legatee, with the wish or obligation expressed by the testator to devote some portion of it to a person named. Nowhere do I find a case where that obligation has been enforced when only the income was given to the life tenant, and the bulk of the estate went to the remainder-man as the person to receive the precatory benefit,—which is the case in the present action. Riker v. Cromwell, 7 N. Y. St. Rep. 316; Collister v. Fassett, 7 App. Div. 20, 39 N. Y. Supp. 800, affirmed in 23 App. Div. 466, 48 N. Y. Supp. 792; Colton v. Colton, 127 U. S. 300, 8 Sup. Ct. 1194, 32 L. Ed. 138; Phillips v. Phillips, 112 N. Y. 197, 19 N. E. 408; Holden v. Strong, 116 N. Y. 471, 22 N. E. 960. It seems to me that the testator originally intended that the entire income from his estate should be devoted to his wife absolutely, under the will, and that only the surplus, if any, of the income was to be appropriated, if at all, under the fourth clause of the will, if we examine it independently of the provision made for the plaintiff in the codicil. Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4; Clay v. Wood, 153 N. Y. 134, 47 N. E. 274. I think the codicil was intended to modify the fourth provision of the will by giving an annuity of $200 to the plaintiff, and that by her marriage she voluntarily cut herself off from that means of support. This is shown clearly by the sixth clause of the codicil, which reads as follows:

"Sixth. I hereby alter, amend, change, and annul such parts or portions of my last will and testament as by this codicil expressed."

Weeks v. Frost, 7 N. Y. St. Rep. 487.

The only power expressly given to sell and convey real estate is given by the third clause in said will. I think no other power is given, in the will, to sell and convey real estate. There is no evi-

dence to show that the estate would be benefited by a sale of the property, and the complications are such that it might be greatly injured. In re Roe, 119 N. Y. 509, 23 N. E. 1063. With the option to the plaintiff to sell or incumber the body of the estate to the fullest extent of her interest therein, it seems to me that the court has no power or right to compel or permit the defendant, as executrix, to sell and convey any portion of the real estate. Id. Nor could the defendant give any valid title thereto against the surviving heir of the deceased daughter. On the request, and with the permission, of the plaintiff, the most defendant could do would be to sell the interest of the plaintiff in said real estate; and this she ought not to be compelled to do, since the plaintiff can best protect her own interests and relieve her necessities in such manner as she may be advised.

The complaint must therefore be dismissed, and a decision and decree may be drawn accordingly.