WEBSTER REALTY CO. v. DELANO et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. TRUSTS (§ 193½*)—SALE OF TRUST PROPERTY.

Laws 1897, p. 49, c. 136, § 1, amending Real Property Law (Laws 1896, p. 573, c. 547) § 85, is intended to permit the sale of the estate of remaindermen which could not be done under the original act, and widens the scope of the section, and authorizes the court to order a sale of trust property because unproductive, or because necessary for the benefit of the estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 246, 248; Dec. Dig. § 193½.*]

2. TRUSTS (§ 193½*)—SALE OF TRUST PROPERTY—STATUTES—"UNPRODUCTIVE."

Where property held under a testamentary trust for a beneficiary for life with gift over of the corpus produces an income grossly disproportionate to its value, with no probable prospect of an increase of income, the property is unproductive within Real Property Law (Laws 1896, p. 573, c. 547) § 85, as amended by Laws 1897, p. 49, c. 136, § 1, authorizing a sale of trust property because it has become unproductive, and the court has jurisdiction, with the consent of the remaindermen, to order a sale of the property.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 248; Dec. Dig. § 193½.*]

Appeal from Special Term, New York County.

Action by the Webster Realty Company against Josephine Delano, individually and as trustee, under the will of Christopher Delano, deceased, and another. From a judgment for plaintiff, defendant Josephine Delano, individually and as trustee, appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert C. Beatty, for appellant.

M. Edward Kelley, for respondent.

SCOTT, J. This is an appeal by Josephine Delano individually and as trustee under the will of Christopher Delano, deceased, from a final judgment imposing a lien and assessing damages upon the ground of defective title, in an action for the specific performance of a contract for the sale of real estate. The appellant is the owner in fee of premises known as No. 312 Seventh avenue in the city of New York, and holds, as trustee, No. 314 Seventh avenue. She made a contract with plaintiff's assignor for the sale of both parcels. The only question in the case is as to her power to convey No. 314, which she claims the power to sell under an order of the Supreme Court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

made in proceedings taken under the provisions of sections 85 and 87 of the real property law (Laws 1896, pp. 573, 574, c. 547), as amended by chapter 136, pp. 49, 50, §§ 1, 2, Laws 1897. The contention of the respondent is that the Supreme Court was without jurisdiction to entertain the proceedings, and consequently that the order purporting to authorize such sale was void and of no effect. The lot in question formerly belonged to Christopher Delano, now deceased, and was disposed of by the eighth paragraph of his will, as follows:

"Eighth: To my daughter Josephine I give and bequeath in trust for my grandson, William Henry Delano, the lot of ground with the building thereon situate No. 314 Seventh Avenue, being 25 feet front and rear by 96½ feet deep, she or any agent she may appoint to take sole care and charge of said property, to collect the rent and profits thereof and after paying the taxes and all other necessary expenses to pay the balance over to him as often as once in·three months during the term of his natural life, and at his death I bequeath the same to my surviving daughters to be divided equally, share and share alike."

The surviving daughters of Christopher Delano· at the time of his death were the appellant and Frances Knapp and Mary Ellen Bellows. The latter has since died, leaving her surviving three sons, Arthur C., Clarence E. C., and Albert Edward. All of the foregoing are of full age and have consented to the sale of the property. We assume that the "surviving daughters" mentioned in the eighth clause of the will to whom the remainder is left after the death of the life tenant are those surviving the testator, and who are named above. If, however, by any construction such "surviving daughters" should be deemed to be those who survive the life tenant, the result would be the same, for, if no daughter so survived, the remainder would fall into the residuary estate which by another clause of the will is given to the appellant. So in any aspect of the case all persons possibly interested as devisees of the remainder have consented to the sale, which leaves to be considered only the rights and interests of the cestui que trust.

Section 85 of the real property law, as amended by chapter 136, p. 49, § 1, Laws 1897, under which the court entertained jurisdiction to permit a sale of the trust property, reads as follows:

"Section 85. When trustee may convey trust property.—If the trust is expressed in the instrument creating the estate, every sale, conveyance or other act of the trustee in contravention of the trust, except as provided in this section, shall be absolutely void. The Supreme Court may by order, on such terms and conditions as seem just and proper, authorize any such trustee to mortgage or sell such real property, or any part thereof, whenever it appears to the satisfaction of the court that said real property, or some portion thereof, has become so unproductive that it is for the best interest of such estate, or that it is necessary or for the benefit of the estate, to raise funds for the purpose of preserving it by paying off incumbrances or of improving it by erecting buildings or making other improvements, or that for other peculiar reasons, or on account of other peculiar circumstances, it is for the best interest of said estate; and whenever the interest of the trust estate in any real property is an undivided part or share thereof, the same may be sold, if it shall appear to the court to·be for the best interest of such estate."

It will tend to simplify the question here presented, if the pertinent provision of the section as ·it read prior to the Act of 1897 be

compared with the present law. The older act permitted a sale of a trust estate—

"whenever it shall appear * * * that it is for the best interest of said estate so to do, and that it is necessary and for the benefit of the estate, to raise by mortgage thereon, or by a sale thereof, funds for the purpose of preserving or improving such estate."

Under this act it was held that the necessity for a sale or mortgage was of predominant importance, and that, to justify an order authorizing a sale, it must be made to appear that "a necessity exists for the use of money in the preservation or improvement of the property." Matter of Roe, 53 Hun, 433, 6 N. Y. Supp. 464, affirmed 119 N. Y. 509, 23 N. E. 1063. Throughout the section as it now stands the disjunctive is used in place of the conjunctive. The actual necessity for a sale no longer controls, but a sale of the trust property may be sold under authority of the court because it has become unproductive, or because it is necessary or for the benefit of the estate. The amendment of 1897 was clearly an enabling act intended to permit the sale or mortgage of the estate of the remaindermen which could not be done under the former act (Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8), and extend the cases in which the court might authorize the sale or mortgage of trust property. Weir v. Barker, 104 App. Div. 112, 93 N. Y. Supp. 732. It is manifest that the amendment of 1897 was intended to widen, and has greatly widened, the scope of the section, and has authorized the court to act under circumstances which theretofore would not have justified action. Among the grounds upon which a sale may be authorized under the present act, and not found in the section before amendment, is that upon which the court proceeded in the present case, to wit, "that said real property, or some portion thereof has become so unproductive that it is for the best interest of the estate" that said real property be sold. This, under the wording of the statute, is sufficient irrespective of any question of necessity. The petitioner in the proceeding to obtain leave to sell the trust property attempted to set forth the unproductiveness of the estate as follows:

"Third. That the condition of said trust estate and the particular facts which make it necessary and proper that this application should be granted are as follows: That the buildings erected upon said land consist of an old two-story brick building constructed about 40 years ago covering the front 22 feet of said lot and of a wooden shed covering the rear of said lot. Said buildings are in poor condition and are used for a secondhand store, lumber yard, and carpenter shop, and are in no respect adequate or suitable to produce a fair and reasonable income from the said trust estate. That said trust estate is not possessed of any funds or means of replacing said old buildings on said land with new buildings or of adequately improving the same so as to produce a reasonable and adequate income from said trust estate, and that the income from said trust estate is much smaller that it would be if such trust estate were converted into money and invested in securities in which trust funds are by law allowed to be invested. That the taxes upon said land have largely increased within the past three years, and repairs upon the buildings are becoming more necessary each year without any proportionate increase of the rent obtainable from said land, thus rendering a large portion of the value of said trust estate unproductive. That the gross income from said real property amounts to not more than $1,240 per annum. That the taxes imposed upon said land for the year 1904 were $499.43, and

for the year 1905 $491.86. Besides said taxes, the necessary expenses on account of said real property for insurance, repairs, and water tax.amount to about the sum of $63 per year. That the net annual income from said trust property applicable to the use of the life beneficiary, William Henry Delano, remaining after paying all taxes and expenses, amounts on the average to less than $700."

It appears from the proposed contract of sale annexed to the petition that the price at which it is proposed to sell the property is $46,750.

The respondent insists that the petitioner did make out a case of unproductiveness under the statute; that, in order to "become unproductive," the income from the property must be shown to have decreased without regard to the ratio between the value of the land and the income derived therefrom. This view seems to me to be too narrow. The ratio of income to value must always be an important consideration in determining whether or not an estate is in a legal sense productive, and an estate may become unproductive either because the income has decreased while the value has remained constant, or because the value has increased and the income remained constant. In the case under consideration, the petitioner shows that the property produces an income grossly disproportionate to its value, with no probable prospect of an increase of income. This in our opinion states a case of unproductiveness. Clearly it was for the advantage of the cestui que trust that the property should be sold, and the remaindermen, as has been said, all consented to the sale. We are therefore of the opinion that the Supreme Court had jurisdiction to entertain the proceeding and to make the order permitting a sale of the property. Having such jurisdiction, its action is not open to collateral attack.

The judgment appealed from is reversed, and a new trial granted, with costs to appellants to abide the event. All concur.